Steven T. Gubner (SBN 156593)
Richard D. Burstein (SBN 56661)
Barak Vaughn (SBN 227926)
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.0900
sgubner@ebg-law.com
rburstein@ebg-law.com
bvaughn@ebg-law.com

Attorneys for DAVID R. HAGEN, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

In re

MERIDIAN HEALTH CARE
MANAGEMENT, INC., a Delaware
corporation

　　　　　　Debtor.

Case No. 1:06-bk-10733-GM

CHAPTER 7

**NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE BY AND BETWEEN DAVID R. HAGEN, CHAPTER 7 TRUSTEE AND NAUTIC PARTNERS, LLC, CHISHOLM PARTNERS, IV, LP, FLEET VENTURE RESOURCES, INC., KENNEDY PLAZA PARTNERS, II, LLC AND SCOTT HILINSKI, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID R. HAGEN IN SUPPORT THEREOF**

Date:　　May 27, 2009
Time:　　10:00 a.m.
Place:　　Courtroom 303
　　　　　United States Bankruptcy Court
　　　　　21041 Burbank Boulevard
　　　　　Woodland Hills, CA 91367

119786

**TO THE HONORABLE GERLADINE MUND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

PLEASE TAKE NOTICE that David R. Hagen, Trustee of the Estate of Meridian Health Care Management, Inc. ("Debtor"), and in accordance with Fed. R. Bankr. P. 9019(a), on May 27, 2009 at 10:00 a.m. or as soon thereafter as may be heard, will move this Court for an Order approving the compromise set forth in full in a Settlement Agreement between the Trustee on the one hand, and defendants Nautic Partners, LLC, Chisholm Partners, IV, LP, Fleet Venture Resources, Inc., Kennedy Plaza Partners, II, LLC (collectively, the "Nautic Entities"), and Scott Hilinski (the Nautic Entities together with Scott Hilinski, the "Nautic Parties") on the other hand, and shows as follows:

The Settlement Agreement entered into by the Parties contains the following essential terms:

The Settlement Agreement provides, in essence, that the Nautic Parties shall pay to the Trustee the sum of Sixty Thousand Dollars ($60,000) as full and final resolution of the dispute between them, mutual releases of all past, present, and future claims whether known or unknown, and a dismissal with prejudice of the Trustee's appeals in connection with certain rulings of the United States Bankruptcy Court adverse to his claims against the Nautic Parties. The Settlement Agreement also provides that the Trustee will not seek to collect or claim rights to any insurance proceeds paid or owed to Mr. Hilinski in connection with the aforementioned dispute, up to Three Hundred Thousand Dollars ($300,000) plus Fifty Percent (50%) of any future legal fees and costs incurred in seeking Court approval of any payment to Mr. Hilinski pursuant to the Policy, not to exceed $15,000. The Bankruptcy Court shall retain jurisdiction to enforce the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that this Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Settlement Agreement, the Declaration of David R. Hagen, all papers and records in the above-referenced bankruptcy case, all papers and records in the above-referenced Adversary Proceeding, all matters of which this

-1-

1    Court may take judicial notice, and such further evidence and argument that may be presented to

2    the Court at the hearing on this matter.

3        PLEASE TAKE FURTHER NOTICE that , pursuant to Local Bankruptcy Rule 9013-1(f),

4    any party opposing the relief sought by the motions must file a written opposition setting forth the

5    facts and law upon which the opposition is based and must appear at the hearing on the motion.

6    Any such response to the motions must be filed with the Clerk of the Court and served upon

7    counsel for the Trustee named in the upper left-hand corner of this notice not less than fourteen

8    (14) calendar days prior to the hearing on the motion.  Pursuant to Local Bankruptcy Rule 9013-

9    1(h), any response not timely filed and served may be deemed by the Court to be consent to

10   granting of the motion.

11       The Trustee respectfully requests that the Court enter an order granting this Motion and

12   granting such other and further relief as the Court deems just and proper.

13
     Dated:  April 23, 2009                    EZRA BRUTZKUS GUBNER LLP
14

15                                             By:
16                                                 Richard D. Burstein
                                                   Attorneys for David R. Hagen,
17                                                 Chapter 7 Trustee

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

1.      On October 16, 2006, the Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code. (*See* Case No. 06-10733, Dkt. No. 1.)

2.      On August 20, 2007, the Trustee filed a complaint against the Nautic Parties in which the Trustee alleged claims to avoid and recover alleged fraudulent and preferential transfers, for turnover of estate property, and for alleged involvement in fraudulent actions and omissions related to the acquisition of the Debtor and the pre-acquisition misappropriation of certain client accounts of the Debtor by the Debtor's officers. (*See* Case No. 07-01186, Dkt. No. 1.) The Court eventually dismissed some of the claims against the Nautic Parties and the Trustee's Third Amended Complaint, filed on July 2, 2008, stood remaining with two causes of action against each of the Nautic Parties. (*See id.*, Dkt. No. 90.) The Nautic Parties filed Answers denying the Trustee's claims.

3.      On or about January 9, 2009, the Court entered summary judgment in the Adversary Proceeding on the Trustee's remaining claims in favor of the Nautic Parties. (*See id.*, Dkt. Nos. 153, 154.)

4.      On or about January 15, 2009, the Trustee appealed the Court's Order granting summary judgment to the Bankruptcy Appellate Panel ("BAP"). (*Id.*, Dkt. Nos. 156 & 157.) Designations of the record have been filed, and the Clerk has issued a Certificate of Readiness. (*Id.*, Dkt. Nos. 167, 168, & 169.) The BAP has issued case numbers CC-09-1021 and CC-09-10222 to the appeals. On February 26, 2009, the BAP issued an Order to demonstrate the finality of the summary judgments for purposes of establishing jurisdiction under Fed. R. Civ. P. 54(b). Upon stipulation of the Parties and on terms provided for in its Order of March 10, 2009, the BAP has stayed its proceedings to permit the within compromise to come before this Court for approval.

5.      The Trustee and the Nautic Parties have negotiated in good faith and at arms-length, and have agreed to a settlement of the aforementioned dispute between them that is conditioned upon Bankruptcy Court approval. The Settlement Agreement proposes to resolve the Trustee's present and future claims against the Nautic Parties. A copy of the Settlement

Agreement for which approval is sought in this Motion is attached hereto as Exhibit "1"; and is incorporated herein by reference.

6.      The attached Settlement Agreement provides, in essence, that the Nautic Parties shall pay to the Trustee the sum of Sixty Thousand Dollars ($60,000) as full and final resolution of the aforementioned dispute, mutual releases of all past, present, and future claims whether known or unknown, and a dismissal with prejudice of the Trustee's appeals. The Settlement Agreement also provides that the Trustee will not seek to collect or claim rights to any insurance proceeds paid or owed to Mr. Hilinski in connection with the aforementioned dispute, up to Three Hundred Thousand Dollars ($300,000) plus Fifty Percent (50%) of any future legal fees and costs incurred in seeking Court approval of any payment to Mr. Hilinski pursuant to the Policy, not to exceed $15,000. The Bankruptcy Court shall retain jurisdiction to enforce the Settlement Agreement.

7.      The compromise set forth in the Settlement Agreement between the Trustee and the Nautic Parties is in the best interest of the Debtor's estate and its creditors, and the Trustee recommends its approval.

8.      Factors which the bankruptcy court should consider in deciding whether to approve a proposed settlement are: (a) the probability of success in litigation; (b) the difficulties, if any, with collection of the judgment; (c) the complexity of the litigation, including the expense, inconvenience, and delay attendant thereto; and (d) the interests of the creditors. *See, e.g., Woodson v. Fireman's Fund Ins. Co.*, 839 F.2d 610, 620 (9th Cir. 1988); *Martin v. Kane*, 784 F.2d 1377, 1381 (9th Cir. 1986). These factors help to show whether the settlement is in the best interest of the estate. *See id.* Here, these factors weigh heavily in favor of approving the proposed settlement:

a.      First, all of the Trustee's claims against the Nautic Parties have had judgment on them entered in favor of the Nautic Parties by summary judgment. Whatever result issues from the BAP, the aggrieved party might seek review in the Ninth Circuit Court of Appeals. Even if the Trustee should prevail, the Trustee will have to further litigate the case and engage in pre-trial and trial preparation which will require significant use of time and money.

1       b.    Second, assuming that the Trustee ultimately prevails at the appellate level and

2   reverses the granting of summary judgment on its claims, this process will take at least another

3   year. Then, the Trustee will have to take his claims against the Nautic Parties to trial, which will

4   take yet another year. This means that any collection of a money judgment (assuming the Trustee

5   wins at trial), will take at least another two years. The time involved makes any collection of a

6   judgment difficult.

7       c.    Third, litigating the aforementioned dispute at the appellate level, then possibly

8   again at the Bankruptcy Court level, will be expensive and time-consuming. This litigation has

9   been pending since August 2007. The dismissed claims are now before the BAP and the parties

10  have not yet filed their appellate briefs or otherwise made any significant acts as to the merits of

11  the appeal. The Trustee is still required to respond to the BAP's Order regarding jurisdiction for

12  the appeal. If there is no settlement of this dispute, both parties will expend more time, money,

13  and resources to further litigate the issues and possibly go back to the Bankruptcy Court and

14  begin anew. If the Trustee loses on its claims again at final disposition of the claims at trial, the

15  Trustee will have spent thousands of dollars adjudicating claims that bring no money into the

16  estate. By way of this settlement, the Trustee will have at least re-cooped some of the costs of

17  this litigation.

18      d.    Finally, there are approximately fourteen creditors in the bankruptcy proceeding.

19  The Trustee's claims against the Nautic Parties have already been dismissed by the Bankruptcy

20  Court. It is therefore in the best interest of the creditors to refrain from further depleting the

21  estate's limited assets in exhaustive litigation over these claims. Moreover, there is no guarantee

22  that the Trustee will ultimately prevail on appeal and at the district court level. By the time the

23  estate is liquidated, the unsecured creditors may receive nothing. This settlement provides

24  $60,000 to the estate. This is in the best interest of the creditors.

25      9.    In sum, this litigation has been a costly and protracted affair for all parties. By

26  way of this settlement, the Trustee will receive $60,000 for the estate. Given the burden on the

27  Trustee to have the ruling of the Court reversed and remanded, and the subsequent hurdle to

28  prove his claims at trial, any further litigation between the parties will only serve to further impair

1    any distribution to the creditors upon liquidation of the estate.

2            10.      In conclusion, the Trustee respectfully requests that the Court approve the

3    compromise between him and the Nautic Parties, the terms of which are memorialized in the

4    attached Exhibit "1".

5

6

7    Dated:  April 23, 2009                              EZRA BRUTZKUS GUBNER LLP

8                                                        By: _____

9                                                            Richard D. Burstein
                                                            Attorneys for David R. Hagen,
10                                                           Chapter 7 Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DAVID R. HAGEN**

I, David R. Hagen, declare and state as follows:

1.      I am the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Meridian Health Care Management, Inc. (the "Debtor"). The facts stated herein are known to me to be true based on my personal knowledge.

2.      I believe that the proposed settlement with the Nautic Parties, of $60,000.00 and the other terms set forth in the Settlement Agreement is fair and equitable and in the best interest of the estate for the reasons set forth in the within motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____**4/20**_____, 2009, at Woodland Hills, California.

_____
David R. Hagen

# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and between David R. Hagen, solely in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Meridian Health Care Management Inc. ("Debtor"), on the one hand, and Nautic Partners, LLC ("Nautic"), Chisholm Partners, IV, LP ("Chisholm"), Fleet Equity Partners VI, LP ("Fleet Equity"), Fleet Venture Resources, Inc. ("Fleet Venture"), Kennedy Plaza Partners, II, LLC ("Kennedy") (collectively, the "Nautic Entities"), and Scott Hilinski (the Nautic Entities together with Scott Hilinski, the "Nautic Parties"), on the other hand, this **31** day of April, 2009, with reference to the following facts and terms. Individually, the Trustee, Nautic, Chisholm, Fleet Equity, Fleet Venture, Kennedy, and Hilinski are occasionally referred to herein as a "Party"; collectively, the Trustee and the Nautic Parties are sometimes referred to as the "Parties."

## RECITALS

A.    The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on May 16, 2006 ("Petition Date"). The bankruptcy case is currently pending in the United States Bankruptcy Court for the Central District of California (the "Court"), Case No. 06-10733.

B.    The Trustee is the duly appointed Chapter 7 Trustee for the Debtor's bankruptcy estate.

C.    Prior to the Petition Date, in August 2005, Debtor was acquired by e4e, Inc. through a reverse triangular merger. As a result of events leading up to and following the acquisition of Debtor, in early 2006, Northridge Medical Group, Inc. and Family Seniors Medical Group, Inc. (collectively, the "Medical Group Parties"), former clients of Debtor, each filed suit against the Debtor and the Nautic Parties in the Superior Court for the State of California seeking damages against the Nautic Parties for alleged knowledge and compliance in the mismanagement and conversion of their client accounts by Debtor and its officers (hereinafter, "State Court Actions").

D.    On or about March 8, 2007, the Trustee removed the State Court Actions, which were at that time pending in the California Court of Appeal, to the Court, resulting in the stay of the Appeal ("Removal").

E.    On or about August 20, 2007, the Trustee filed a complaint in the Court against the Nautic Parties and others alleging various claims for relief arising from the acquisition of Debtor, events thereafter, and mismanagement and conversion of Debtor's client accounts by officers and directors of the Debtor (as amended from time to time, the "Complaint"), which initiated adversary proceeding No. 07-01186 currently pending before the Court (the "Adversary Proceeding").

F.    On or about January 9, 2009, the Court entered summary judgment in the Adversary Proceeding on the Trustee's Complaint in favor of the Nautic Parties.

G.     On or about January 15, 2009, the Trustee appealed the Court's summary judgments to the Bankruptcy Appellate Panel (the "Appeal").

H.     The Parties now desire to resolve the disputes concerning the Removal, the Complaint, the Adversary Proceeding, and the Appeal (collectively, the "Disputes"), in order to avoid the burdens, inconvenience, and expense of further proceedings.

I.     The Parties believe that the terms of this Agreement are fair, equitable, and the result of arm's length negotiations, and agree that they are freely and voluntarily entering into this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, terms and provisions contained herein, and for other good and valuable consideration, the adequacy of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1.     <u>Recitals</u>. The Parties acknowledge and agree that each of the recitals above are deemed to be true and correct in their entirety and are incorporated herein by this reference.

2.     <u>Settlement Payment</u>. Within five (5) business days after this Agreement is signed and approved by the Court by an Order that has become non-appealable (and no appeal or stay is pending), the Nautic Parties shall cause to be paid to the Trustee, in full and final resolution and settlement of the Disputes, a total amount of Sixty Thousand Dollars ($60,000) (the "Settlement Payment"). The Settlement Payment shall be made by wire transfer in accordance with the account information and wire transfer instructions to be provided by the Trustee to counsel for the Nautic Parties upon entry of said Order.

3.     <u>Approval by the Bankruptcy Court</u>. Promptly after execution of this Agreement, and prior to receipt of the Settlement Payment, the Trustee shall file and appropriately serve a motion ("Motion"), seeking entry of an Order approving this Agreement and shall use his best efforts to obtain such approval as soon as possible. This Agreement shall not become binding on the Parties until the Court enters an Order that is non-appealable. In the event the Court does not approve the Agreement, the Agreement shall be null and void and of no further force and effect.

4.     <u>Insurance Proceeds</u>. The Parties understand that Scott Hilinski is a party to an insurance agreement or policy (the Meridian D&O policy issued by RSUI), under which the Trustee may also claim an interest that may apply to satisfy, indemnify, or reimburse part or all of fees and costs incurred by Mr. Hilinski in connection with the Disputes (the "RSUI Policy"). Consistent with the terms hereof and in consideration of the Settlement Payment, the Trustee agrees, on his behalf and on behalf of the Debtor's bankruptcy estate, as well as on behalf of their respective agents, representatives, employees, predecessors, principals, attorneys, successors and assigns, that the Trustee shall not oppose Mr. Hilinski's entitlement to Three Hundred Thousand Dollars ($300,000) under the RSUI Policy plus Fifty Percent (50%) of any future legal fees and costs incurred in seeking Court approval of any payment to Mr. Hilinski pursuant to the Policy, not to exceed $15,000 ("Hilinski's Insurance Share"). The Trustee agrees that he and the Debtor's bankruptcy estate, and their agents, representatives, employees, predecessors, principals, attorneys, successors and assigns, will not, at any time or under any circumstances, oppose Mr. Hilinski seeking, obtaining, or receiving Hilinski's Insurance Share.

In addition, the Trustee agrees that he and the Debtor's bankruptcy estate, and their agents, representatives, employees, predecessors, principals, attorneys, successors and assigns, will not, at any time or under any circumstances, seek or claim rights to Hilinski's Insurance Share. This Paragraph 4 of this Agreement is not intended to affect, and does not affect, any claims to insurance that any of the Nautic Parties may have under any insurance policy or polices under which the Debtor is not an insured party, and the Trustee hereby disclaims any interest in proceeds from any such policy.

5.      By this settlement, the Trustee specifically disclaims any interest in or rights to claims made by any former client of Meridian (and/or the Debtor) against any of the Nautic Parties, their successors, affiliates, managing partners, officers, directors, assigns, fund participants, and fund owners, except to the extent that the Trustee may assert that any recovery realized by any former client of Meridian against any of the Nautic Parties on claims alleged against the Nautic Parties operates as an offset against any recovery on claims asserted against Meridian (and/or the Debtor).

6.      <u>Mutual Releases:</u>

6(a).   <u>Release by the Nautic Parties</u>.  Upon the Effective Date, in consideration for the performance of all the terms and conditions of this Agreement, and except as to such rights and obligations which may be created by this Agreement, the Nautic Parties, for themselves and their respective past and present agents, servants, representatives, estates, employees, heirs, predecessors, trustees, beneficiaries, unit holders, parent corporations, professional corporations, managing members, subsidiaries (whether or not wholly owned), affiliates, directors, officers, principals, guarantors, executors, sureties, shareholders, attorneys, investigators, successors, assigns, and limited and general partners, in their capacities as such, and all persons acting through or in concert with any of them, agree to and shall be deemed to forever remise, relieve, release, and forever discharge the Trustee (for himself and on behalf of the Debtor's bankruptcy estate), his respective past and present agents, servants representatives, estates, employees, heirs, predecessors, trustees, beneficiaries, unit holders, professional law corporations, managing members, subsidiaries (whether or not wholly owned), in their capacities as such, and all persons acting at the direction of the Trustee, from any and all manner of past, present, and future claims, losses, debts, liabilities, demands, obligations, rights, disputes, fees, controversies, costs, expenses, actions, causes of action, damages and suits whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, fixed or contingent, whether in tort, bankruptcy law, contract, equity or pursuant to statute, arising in or out of, or in any way related to, the facts, events, and circumstances relating to the Disputes.

6(b).   <u>Release by the Trustee</u>.  Upon the Effective Date, in consideration for the performance of all the terms and conditions of this Agreement, and except as to such rights and obligations which may be created by this Agreement, the Trustee, for himself and on behalf of the Debtor's bankruptcy estate, and for their respective past and present agents, servants, representatives, estates, employees, heirs, predecessors, trustees, beneficiaries, unit holders, parent corporations, professional corporations, managing members, subsidiaries (whether or not wholly owned), affiliates, directors, officers, principals, guarantors, executors, sureties, shareholders, attorneys, investigators, successors, assigns, and limited and general partners, in

010

their capacities as such, and all persons acting through or in concert with any of them, agrees to and shall be deemed to forever remise, relieve, release, and forever discharge the Nautic Parties, their respective past and present agents, servants representatives, estates, employees, heirs, predecessors, trustees, beneficiaries, unit holders, parent corporations, professional corporations, managing members, subsidiaries (whether or not wholly owned), affiliates, directors, officers, principals, guarantors, executors, sureties, shareholders, attorneys, investigators, successors, assigns, and limited and general partners, in their capacities as such, and all persons acting through or in concert with any of them, from any and all manner of past, present, and future claims, losses, debts, liabilities, demands, obligations, rights, disputes, fees, controversies, costs, expenses, actions, causes of action, damages and suits whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, fixed or contingent, whether in tort, bankruptcy law, contract, equity or pursuant to statute, arising in or out of, or in any way related to, the facts, events, and circumstances relating to the Disputes.

7.    Waiver of Unknown Claims. This is a mutual general release. Therefore, the Nautic Parties, on the one hand, and the Trustee (on behalf of himself and the bankruptcy estate) on the other hand, agree that all rights under Section 1542 of the Civil Code of the State of California, and under any similar laws, are hereby expressly waived as to unknown claims. Section 1542 of the Civil Code states:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

The Parties acknowledge that they understand the foregoing provision and that it is a key element of this Agreement.

8.    Conclusion of All Court Proceedings. On the date the Court's Order approving this Agreement becomes non-appealable, and no appeal or stay is pending, the Trustee shall instruct his legal counsel to take whatever action is necessary to inform the Bankruptcy Appellate Panel of the settlement and Court Order approving same resulting in the ultimate conclusion of the appeal and complete disposition of the Disputes existing as between the Parties.

9.    Consultation with Counsel. Each Party hereto has carefully read and reviewed this Agreement and has had an opportunity to consult with legal counsel of its own choosing with respect to the terms and advisability of entering into this Agreement. Each Party and their counsel has made such investigation of the facts pertaining to the Agreement and all matters pertaining thereto as each Party individually deems necessary.

10.    Full and Complete Agreement; Waiver; Amendment. This Agreement constitutes the entire agreement between the Trustee and the Nautic Parties regarding the subject matter hereof and supersedes all prior written or oral agreements, understandings, representations, and statements between or among the Parties with respect to the subject matter hereof. The Parties are entering into this Agreement based solely on the representations and warranties herein and not based on any promises, representations, and/or warranties not found herein. No provision of or right under this Agreement shall be deemed waived by any act or acquiescence on the part of

any Party, its agents, or employees, but only by an instrument in writing signed by an authorized officer of the Party from whom such a waiver is sought. No waiver by any Party of any breach of this Agreement by any other Party will be effective as to any other breach, whether of the same or any other term or condition and whether occurring before or after the date of such waiver. No modification, amendment, discharge or change of this Agreement shall be valid unless it is in writing and signed by the Parties, which writing shall clearly indicate that it is an amendment to this Agreement, and the Amendment is approved by the Court.

11.    Attorneys' Fees and Other Costs of Litigation. In the event of any dispute concerning the terms, conditions or enforcement of this Agreement which gives rise to any litigation, or court or tribunal proceedings, the Prevailing Party in such litigation or proceedings shall be entitled to be reimbursed for all attorneys' fees and costs incurred by the Prevailing Party in connection with such dispute. Each Party to this Agreement shall bear its own fees and costs in connection with the Disputes and with respect to the negotiation, execution, and delivery of this Agreement and Motion, its approval, and dismissal of the Appeal. The Court shall retain continuing jurisdiction to enforce the settlement and this Agreement as set forth below.

12.    Construction of Agreement. The parties acknowledge that, for the purposes of California Civil Code Section 1654 and comparable purposes, this Agreement was prepared and negotiated jointly by and between the Parties and their respective legal counsel. No provision of this Agreement shall be construed against and interpreted to the disadvantage of any Party because of that Party having been deemed to have structured or drafted this Agreement, and any rules of construction to the contrary are hereby specifically waived.

13.    Severability. If any term of this Agreement is held to be invalid, void or unenforceable, in whole or part, by any court, regulatory or governmental agency, or self-regulatory agency such ruling shall not affect the validity and enforceability of any remaining portion of the Agreement, which shall remain in full force and effect, unless it would deprive a Party of a substantial part of its bargain.

14.    Counterparts. This Agreement may be executed in one or more counterparts and may be exchanged by facsimile or email via portable document format, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile or electronic signature shall have the same binding effect as an original signature.

15.    Binding on Successors. The provisions of this Agreement are binding upon and inure to the benefit of the heirs, devisees, legatees, executors, estates, administrators, personal representatives, successors in interest and assigns of the Parties.

16.    No Assignment of Claims. Each Party represents and warrants that the claims waived and released herein have not been sold, transferred or assigned to any person or entity, and that it has full authority to release such claims.

17.    Governing Law. The Agreement shall be construed under and governed under the laws of the State of California to the extent that federal bankruptcy law does not control.

18.    Bankruptcy Court to Retain Jurisdiction. The Court shall retain jurisdiction to enforce and interpret this Agreement.

012

19.    Cooperation.  The Parties agree to cooperate fully and to execute any other documents and to take any other actions as may be reasonably necessary to further the purposes and terms of, or carry out the intent and purpose of this Agreement.

20.    Compromise.  This Agreement is the result of a compromise and shall never at any time for any purpose be considered an admission of liability or responsibility on the part of any of the Parties, nor shall payment of any sum of money or other form of consideration for the execution and terms of this Agreement constitute or be construed as an admission of any liability, whatsoever, by any of the Parties.

21.    Section Headings.  The section headings and captions contained herein are for convenience of reference only and will not be deemed or construed to limit, impair or affect the meaning, interpretation and construction of any of the terms or provisions of this Agreement.

IN WITNESS THEREOF, the Parties have executed this Agreement as of the first date written above.

Dated:  April 20, 2009                         David R. Hagen, Chapter 7 Trustee of
                                               Meridian Health Care Management, Inc.

                                  By: _____
                                               David R. Hagen


Dated:  April __, 2009                         Scott Hilinski


                                  By: _____
                                               Scott Hilinski


Dated:  April __, 2009                         Nautic Partners, LLC


                                  By: _____


Dated:  April __, 2009                         Chisholm Partners, IV, LP


                                  By: _____

013

19.   <u>Cooperation</u>.  The Parties agree to cooperate fully and to execute any other documents and to take any other actions as may be reasonably necessary to further the purposes and terms of, or carry out the intent and purpose of this Agreement.

20.   <u>Compromise</u>.  This Agreement is the result of a compromise and shall never at any time for any purpose be considered an admission of liability or responsibility on the part of any of the Parties, nor shall payment of any sum of money or other form of consideration for the execution and terms of this Agreement constitute or be construed as an admission of any liability, whatsoever, by any of the Parties.

21.   <u>Section Headings</u>.  The section headings and captions contained herein are for convenience of reference only and will not be deemed or construed to limit, impair or affect the meaning, interpretation and construction of any of the terms or provisions of this Agreement.

IN WITNESS THEREOF, the Parties have executed this Agreement as of the first date written above.

Dated:  April___, 2009

David R. Hagen, Chapter 7 Trustee of
Meridian Health Care Management, Inc.

By:_____
   David R. Hagen


Dated:  April 21, 2009

Scott Hilinski

By:_____
   Scott Hilinski


Dated:  April ___, 2009

Nautic Partners, LLC

By:_____


Dated:  April ___, 2009

Chisholm Partners, IV, LP

By:_____

014

19.    <u>Cooperation</u>.  The Parties agree to cooperate fully and to execute any other documents and to take any other actions as may be reasonably necessary to further the purposes and terms of, or carry out the intent and purpose of this Agreement.

20.    <u>Compromise</u>.  This Agreement is the result of a compromise and shall never at any time for any purpose be considered an admission of liability or responsibility on the part of any of the Parties, nor shall payment of any sum of money or other form of consideration for the execution and terms of this Agreement constitute or be construed as an admission of any liability, whatsoever, by any of the Parties.

21.    <u>Section Headings</u>.  The section headings and captions contained herein are for convenience of reference only and will not be deemed or construed to limit, impair or affect the meaning, interpretation and construction of any of the terms or provisions of this Agreement.

IN WITNESS THEREOF, the Parties have executed this Agreement as of the first date written above.

Dated: April___, 2009

David R. Hagen, Chapter 7 Trustee of
Meridian Health Care Management, Inc.

By:_____
      David R. Hagen

Dated: April __, 2009

Scott Hilinski

By:_____
      Scott Hilinski

Dated: April 21, 2009

Nautic Partners, LLC

By:_____
      Robert M. Van Degna
      Managing Director

Dated: April 21, 2009

Chisholm Partners, IV, LP

By:_____
      Robert M. Van Degna
      Managing Director
      Chisholm Management IV, L.P.
      General Partner

WEST\21695830.2

6

Dated:  April 21, 2009                          Fleet Equity Partners VI, LP

                                          By: _____
                                              Robert M. Van Degna
                                              Chairman, CEO & Treasurer
                                              Silverado IV Corp.
                                              A General Partner

Dated:  April 21, 2009                          Fleet Venture Resources, Inc.

                                          By: _____
                                              Robert M. Van Degna
                                              Attorney-In-Fact

Dated:  April 21, 2009                          Kennedy Plaza Partners, II, LLC

                                          By: _____
                                              Robert M. Van Degna
                                              Managing Director
                                              Chisholm Management IV, L.P.
                                              Its Manager

Approved as to form and contents:

DLA PIPER US LLP

By: _____Mark A. Nadeau_____
    Mark A. Nadeau
    Counsel for Nautic Partners, LLC, Chisholm Partners, IV, LP, Fleet Equity Partners VI,
    LP, Fleet Venture Resources, Inc., and Kennedy Plaza Partners, II, LLC


NUTTER, McCLENNEN & FISH


By: _____
    Jonathan L. Kotlier
    Counsel for Scott Hilinski


EZRA BRUTZKUS GUBNER LLP


By: _____
    Richard Burstein
    Counsel for Chapter 7 Trustee

016

Dated: April __, 2009                    Fleet Equity Partners VI, LP

                                         By:_____


Dated: April __, 2009                    Fleet Venture Resources, Inc.

                                         By:_____


Dated: April __, 2009                    Kennedy Plaza Partners, II, LLC

                                         By:_____


Approved as to form and contents:

DLA PIPER US LLP


By:_____
    Mark A. Nadeau
    Counsel for Nautic Partners, LLC, Chisholm Partners, IV, LP, Fleet Equity Partners VI,
    LP, Fleet Venture Resources, Inc., and Kennedy Plaza Partners, II, LLC


NUTTER McCLENNEN & FISH

By:_____
    Jonathan L. Kotlier
    Counsel for Scott Hilinski


EZRA BRUTZKUS GUBNER LLP

By:_____
    Richard Burstein
    Counsel for Chapter 7 Trustee


WEST\21695830.2                    7

017

| In re: MERIDIAN HEALTH CARE MANAGEMENT, INC., <br> Debtor(s). <br><br> DAVID R. HAGEN, Chapter 7 Trustee, Plaintiff  vs.  NAUTIC PARTNERS, LLC, etc., et al., Defendants | CHAPTER  7 <br><br> CASE NUMBER 1:06-bk-10733-GM <br><br> ADV. CASE NUMBER 1: 07-ap-01186-GM |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367**

The foregoing document described **NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE BY AND BETWEEN DAVID R. HAGEN, CHAPTER 7 TRUSTEE AND NAUTIC PARTNERS, LLC, CHISHOLM PARTNERS, IV, LP, FLEET VENTURE RESOURCES, INC., KENNEDY PLAZA PARTNERS, II, LLC AND SCOTT HILINSKI, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID R. HAGEN IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 23, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Joshua M Briones    joshua.briones@dlapiper.com
- Peter C Bronson    pbronson@pbronsonlaw.com
- Howard Camhi    hcamhi@ecjlaw.com
- Jennifer L Nassiri    jennifer.nassiri@dlapiper.com
- Steven M. Roth    steven.m.roth@irscounsel.treas.gov
- Anahit Tagvoryan    ana.tagvoryan@dlapiper.com

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 23, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

### SERVED VIA FIRST CLASS MAIL

Presiding Judge
Hon. Geraldine Mund
United States Bankruptcy Court
21041 Burbank Blvd., Suite 342
Woodland Hills, Ca 91367

Office of the United States Trustee
United States Trustee, Region 16
21051 Warner Center Lane, Suite 115
Woodland Hills, CA  91367

Chapter 7 Trustee
David R. Hagen
Merritt & Hagen
6320 Canoga Avenue, Suite 1400
Woodland Hills, CA  91367

Attorneys for Northridge Medical Group, Inc. and
Family/Seniors Medical Group, Inc.
Uzzell S. Branson, III, Esq.
Law Offices of Uzzell S. Branson, III
225 South Lake Avenue, Suite 1400
Pasadena, CA 91101

1

Attorneys for Defendants/Nautic Parties
Laura M. Kam, Esq.
Mark A. Nadeau, Esq.
DLA Piper US LLP
2525 East Camelback Road, Suite 1000
Phoenix, AZ 85016-4232

Attorneys for Scott Hilinski
Jonathan L. Kotlier, Esq.
Nutter, McClennan & Fish
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210

Attorneys for Scott Hilinski
John K. Rubiner, Esq.
Bird, Marella, Boxer, Wolpert, Nessim,
    Drooks & Lincenberg
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067

Attorneys for Family/Seniors Medical
Group, Inc.
Jay D. Christensen, Esq.
Stephen G. Auer, Esq.
Christensen & Auer
225 S. Lake Avenue, Suite 860
Pasadena, CA 91101

Attorneys for Brian Sato
Mark T. Hiraide, Esq.
Petillon & Hiraide, LLP
21515 Hawthorne Blvd., Suite 1260
Torrance, CA 90503
*VIA U.S. MAIL*

Proposed Representative for Brian Sato
Lisa Sato
1223 Paseo Sombra
San Dimas, CA 91773

Lisa Sato
2427 Sherborrk Ave,
Monterey Park, CA 91754

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for
each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the
following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such
service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a
declaration that personal delivery on the judge will be completed no later than 24 hours after the document
is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
and correct.

| April 23, 2009 | Jennifer Long | |
| Date | Type Name | Signature |